UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HEUSINGER,

                             Plaintiff,

v.                                                                  Civil Action No. _____

AMERICAN CORADIUS INTERNATIONAL, LLC
AND COMENITY CAPTIAL BANK

                                  Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael Heusinger is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant American Coradius International, LLC. (hereinafter "ACI") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Comenity Capital Bank is a foreign business corporation organized and existing under the laws of the State of Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant times herein, ACI acted as agent-in-fact for Comenity, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred an internet credit account with Webbank. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter allegedly defaulted on the subject debt.

14. That upon information and belief Defendant, ACI was employed to collect on the subject debt.

15. That in or about August of 2014, Defendant, Comenity acquired the account after the alleged default.

16. That Defendant Comenity hired Defendant ACI to collect on the subject debt.

17. That on September 6, 2014, Plaintiff was attending a family wedding when an employee of Defendant ACI demanded his address from him regarding the alleged subject debt as the account was with her office and she was going to verify this information on Monday. This employee further stated in front of numerous family and friends that the Plaintiff owed a debt and that he was in their system for collection. The employee then continued to discuss the Plaintiff's debt with members of his family during the reception.

18. That on September 8, 2014, Plaintiff upset over what transpired at the wedding reception contacted Defendant ACI. Plaintiff spoke to a manager who after being informed of what transpired at the wedding reception merely responded by asked the Plaintiff is he was going to pay the alleged subject debt. Plaintiff refused to pay the debt at that time and requested all documentation regarding the debt be forwarded to his attorney. Plaintiff then provided his attorney's information to the Defendant ACI.

19. Defendant did not give the mini-Miranda warning during the initial communication with Plaintiff as is required by 15 U.S.C. §1692e(11).

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2), 15 U.S.C. §1692d, and 15 U.S.C. §1692f by disclosing that the Plaintiff owes a debt to Plaintiff's family members and friends at a family wedding reception.

    B. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, and 15 U.S.C. §1692f by discussing the Plaintiff's debt with the Plaintiff and/or family members at a family wedding reception.

    C. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning when speaking to the Plaintiff.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 24, 2014

                                                                                       _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
           khiller@kennethhiller.com